IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 06 CR 763 |
| ) | |
| NORTON HELTON, CHARLES ) | |
| WHITE, and FELICIA FORD, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, we grant in part and deny in part the motions.

# DISCUSSION

I. Defendants' Motions

Defendants have moved to adopt all the motions of their co-Defendants. We grant the motions to adopt.

A. General Rule 404(b) Motion

On November 4, 2009, Defendant Felicia Ford (Ford) and Defendant Charles

White (White) jointly moved to bar the Government from introducing any bad act evidence, as referenced in Federal Rule of Evidence 404(b) (Rule 404(b)), regarding any of Defendants' pre or post-indictment activity. The Government contends that the motion should be denied because Defendants do not identify exactly what evidence Defendants seek to bar in the motion. (Ans. 4-5). Defendants must do more than cite to Rule 404(b) and make general references to prior bad conduct. Defendants have not provided sufficient details concerning the evidence that Defendants seek to bar in the motion. Therefore, the general Rule 404(b) motion is denied.

### B. Privileged Communications

Defendants seek to bar all communications between Defendant Norton Helton (Helton) and his clients while Helton was acting as a legal representative for those clients. Defendants also seek to bar any communications between Helton and his own counsel. The Government indicates that it does not intend to introduce privileged communications except where the attorney-client privilege has been waived. Therefore, we deny the motion without prejudice. If the Government seeks to introduce evidence that Defendants believe is still protected by the attorney-client privilege, Defendants renew their objection.

C.  Hearsay and Relevancy Objections

Defendants have moved to bar an extensive list of evidence based on hearsay and relevancy objections.  The Government indicates that it does not intend to seek the admission of most of the evidence on Defendants' list, and that such objections can be resolved at trial if necessary.  (Ans. 8).  Defendants have also moved generally to bar the introduction of all hearsay at trial.  Such relevancy and hearsay objections are premature and can be properly made at trial, if and when the Government seeks to introduce evidence that warrants a relevancy or hearsay objection.  Therefore, the motions are denied without prejudice.

D.  Motion to Sever

Defendants have filed a motion to sever Helton's trial from the trial of White and Ford.  On April 22, 2009, we denied a previous motion by Ford and White to sever their trials from Helton's trial.  Defendants indicate in their motions to sever that Helton and White may invoke their Fifth Amendment rights and would therefore refuse to provide exculpatory evidence in support of their co-defendants.  However, as pointed out by the Government, if Helton and White intend to invoke their Fifth Amendment right against self-incrimination, that right can be asserted in a severed trial as well as a joint trial.  Defendants have not shown that any new facts warrant

severing the trials at this juncture. There has not been a showing that any of the Defendants will be unduly prejudiced by the joinder of all Defendants or that any Defendants will be denied a fair trial in a joint trial. *See, e.g., United States v. Calabrese*, 572 F.3d 362, 367-68 (7th Cir. 2009); *United States v. Warner*, 498 F.3d 666, 700 (7th Cir. 2007). Therefore, we deny the motion to sever.

### E. Rule 16 Motion

Defendants move to bar evidence that Defendants contend has been produced in an untimely fashion in violation of Federal Rule of Criminal Procedure 16 (Rule 16). Defendants move in the alternative to continue the trial date scheduled to commence on January 19, 2010. Defendants contend that they have recently received thousands of pages of documents on discs. Defendants also contend that the Government has not identified its trial exhibits in violation of Rule 16. Defendants claim that they did not have sufficient time to prepare for trial due to recent discovery production by the Government. In regard to Defendants' request to have sufficient time to prepare for trial, the court granted Defendants' request and continued the trial date to commence on June 7, 2010, in order to give Defendants ample time to prepare for trial. We note, however, that Defendants have not shown any violation of Rule 16 by the Government and Defendants were provided with

sufficient notice for the trial to proceed as scheduled on January 19, 2010. However, as the court stated earlier, the court granted Defendants' request for a continuance of the trial until June 7, 2010. We also note that the documents referenced in Defendants' Rule 16 motion relating to statements by Government witnesses contain statements covered by 18 U.S.C. § 3500 rather than Rule 16 and need not be disclosed "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). In addition, to the extent that Defendants seek an immediate production of the Government's trial exhibit list under Rule 16, Defendants have not provided any legal support for their position and we agree with the Government that Rule 16 does not include any requirement concerning the Government's trial exhibit lists. Fed. R. Crim. P. 16(a)(1). While Local Rule 16.1 references the disclosure of certain evidence, it merely directs the parties to meet and confer and agree on a disclosure timetable. The local rule does not include any deadline concerning the production of the Government's trial exhibit list. Therefore, we deny Defendants' Rule 16 motion.

F. Motion to Suppress

Defendants move to suppress recorded telephone conversations that the Government produced to Defendants. Defendants contend that the conversations are

part of the evidence that the Government is attempting to introduce as Rule 404(b) evidence. Defendants also contend that the Government only recently produced such evidence. The Government has indicated that it has made such evidence available as it comes into the Government's possession. In addition, this court granted Defendants' request for an extension of the trial, which will provide Defendants with additional time to review the evidence.

Defendants also argue that the recorded telephone conversations that included statements by White were unlawfully obtained because the conversations were recorded after White had been indicted in this case and while White was represented by counsel. A defendant's Sixth Amendment right to counsel is violated "'when there [is] used against him at his trial evidence of his own incriminating words, which federal agents . . . deliberately elicited from him after he had been indicted and in the absence of his counsel.'" *Fellers v. United States*, 540 U.S. 519, 523 (2004)(quoting in part *Massiah v. United States*, 377 U.S. 201, 206 (1964)). Although White was represented by counsel in this case when the telephone conversations were recorded, the Government has shown that it was attempting to record an individual representing himself to be an attorney using a name different than White. Thus, although the individual turned out to be White, there is no evidence that the Government set out to deliberately record White's conversations

while White was represented by counsel in this case. In addition, the Government correctly points out that the criminal conduct that is the subject of the recorded conversations is new and separate criminal conduct from the charged conduct in this case. *See United States v. Moschiano*, 695 F.2d 236, 240-41 (7th Cir. 1982)(allowing statements to be admitted under Rule 404(b) because "statements, even though deliberately elicited by government agents after indictment and in the absence of counsel, may form the basis for a separate or superseding indictment and may be offered to prove such additional charges"). Therefore, we deny Defendants' motion to suppress.

II. Government's Motions

A. General Objection to Government's Motions

Defendants have filed a general objection to the Government's motions in limine. Defendants contend that the Government's motions involve "hypothetical situations without any factual predicate" and should be denied in their entirety. (White Resp. 1-2). None of the Government's motions are inherently improper and we deny Defendants' general request to deny all the Government's motions.

B.  Unopposed Government Motions

Aside from Defendants' general objection to all of the Government's motions, certain motions by the Government are unopposed.  Defendants have not specifically objected to the Government's motions in limine: (1) to exclude evidence of potential penalties faced by Defendants, (2) to exclude certain evidence introduced to elicit jury nullification, and (3) to prohibit defense counsel from requesting discovery from witnesses or opposing counsel or otherwise commenting on discovery matters.  The Government's unopposed motions are meritorious and we grant the Government's unopposed motions.

C.  Intricately Related Evidence and Rule 404(b)

The Government seeks to introduce certain Rule 404(b) evidence of prior bad acts and evidence intricately related to the charged crimes.  The Government contends that Ford purchased certain properties during her work and the Government seeks to offer evidence that shows that Ford obtained mortgage financing by fraud.  The Government seeks to introduce at trial the fraudulent loan applications.  Pursuant to Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court

excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). In determining whether to admit Rule 404(b) evidence a court must consider whether "(1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice." *United States v. Diekhoff*, 535 F.3d 611, 617 (7th Cir. 2008)(quoting *United States v. Simpson,* 479 F.3d 492, 498 (7th Cir. 2007)).

Defendants contend that the loan applications are not admissible because they will merely show Ford's conformity with her charged crimes in this case. However, the fraudulent loan applications are admissible under Rule 404(b) since they can be introduced to show Ford's knowledge of Eyes Have Not Seen, Inc.'s (EHNS) fraudulent practices. The applications are also admissible to show Ford's relationship with White, and Ford's knowledge of White's misconduct. There is sufficient evidentiary support regarding the loan applications. The evidence is sufficiently similar in time to be relevant and its probative value is not substantially outweighed by potential prejudice. Thus, the loan applications are admissible.

The Government also seeks to introduce evidence that White concealed his interest in Title Zone, L.L.C. (Title Zone) to obtain a prohibited referral fee. Such

9

evidence is intricately related to the charged conduct and is necessary to provide a complete picture of Defendants' alleged crimes. *See United States v. Conner*, 583 F.3d 1011, 1018-19 (7th Cir. 2009)(stating that "[n]otwithstanding Rule 404(b) . . . evidence of prior bad acts is admissible when the acts are so inextricably intertwined with, or intricately related to, the charged conduct that they help the fact-finder form a more complete picture of the crime"). The Government contends that it will need to show that White owned an interest in Title Zone, and in establishing White's interest, it will be necessary to introduce evidence that White attempted to conceal his ownership. Such evidence of White's alleged attempt to conceal his interest is also necessary to show all of the proceeds unlawfully gained by White. White's alleged attempt to conceal his interest is also admissible under Rule 404(b) to show White's identity, his motive, and his fraudulent methods. There is sufficient evidentiary support regarding such conduct by White. The evidence is sufficiently similar in time to be relevant and its probative value is not substantially outweighed by potential prejudice. Thus, the evidence is admissible.

The Government also seeks to introduce evidence of EHNS's employee compensation structure, which involved certain payments designated as "gifts." The compensation structure is intricately related to the charged conduct since it is relevant to show the relationship between the participants in the fraudulent scheme and their motivation to participate in the scheme. The evidence is further admissible under Rule 404(b) to show the manner in which White allegedly attempted to obtain hidden profits from transactions. There is sufficient evidentiary support regarding

the employee compensation structure. The evidence is sufficiently similar in time to be relevant and its probative value is not substantially outweighed by potential prejudice. Thus, the evidence is admissible.

The Government seeks to introduce evidence that Helton made misrepresentations to a bankruptcy court. Such evidence is admissible as evidence of Helton's effort to conceal the conduct charged in this case. Such evidence is also admissible under Rule 404(b) since it shows Helton's knowledge of misrepresentations and omissions in the bankruptcy petitions and his knowledge of EHNS's alleged illegal activities. There is sufficient evidentiary support regarding such conduct by Helton. The evidence is sufficiently similar in time to be relevant and its probative value is not substantially outweighed by potential prejudice. Thus, the evidence is admissible.

The Government seeks to introduce evidence by Helton to conceal the legal fees he charged his clients when representing them in bankruptcy. Such evidence is directly connected to the charged conduct in this case since it was an additional means by which Helton could gain funds from the fraudulent scheme and conceal the gain. The evidence is also admissible under Rule 404(b) to show Helton's efforts to conceal evidence of the fraudulent scheme and to negate any conclusion that Helton's failure to properly disclose fees was due to a misunderstanding or oversight. There is sufficient evidentiary support regarding such conduct by Helton. The evidence is sufficiently similar in time to be relevant and its probative value is not substantially outweighed by potential prejudice. Thus, it is admissible. Further, the

11

above mentioned evidence in the instant motion concerning certain conduct, including the alleged fraudulent loan applications, the alleged concealment of White of his ownership interest in a company, the alleged employee compensation structure, the alleged misrepresentations by Helton to the Bankruptcy Court, or the alleged efforts of Helton to conceal his legal fees are not overly prejudicial under Federal Rule of Evidence 403.

Finally, the Government seeks in its motion to introduce other "miscellaneous" evidence that is "not articulated with particularity in the indictment." (Gov. Mot. 14). The Government, however, fails to identify in detail what evidence it seeks to introduce. The court cannot rule in the abstract to allow in miscellaneous evidence that has not been properly identified. At trial, if the Government seeks to introduce any of the miscellaneous evidence, the court will rule on the admission of the evidence at that time. Therefore, based on the above, we grant the Government's motion to introduce the specifically articulated intricately related and Rule 404(b) evidence. We deny without prejudice the Government's request to introduce miscellaneous evidence.

### D. Evidence of Lawfulness

The Government seeks to bar all evidence offered by Defendants of their lawful, non-corrupt conduct except for reputation or opinion evidence offered by character witnesses in accordance with Federal Rule of Evidence 405(a). Defendants argue that in certain instances they may be able to introduce some evidence

concerning prior lawful conduct if the Government opens the door by producing Rule 404(b) evidence related to uncharged conduct. It is premature to broadly bar all evidence concerning prior lawful conduct of Defendants and the Government's motion is denied without prejudice. Such objections can be renewed at trial on a case-by-case basis.

### E. Impeachment of Government Witnesses

The Government moves to bar Defendants from introducing certain evidence to impeach Government witnesses. Defendants contend that it is premature to rule on what evidence can be used for impeachment and that depending on the Government's direct questioning, the door may be opened for certain impeachment evidence. Defendants also contend that it is unfair to require Defendants to disclose in advance of trial their planned cross-examination of Government witnesses. The Government's motion is denied without prejudice and the Government can renew its objections on a case-by-case basis at trial.

### F. Rule 902(11) Certifications

The Government has submitted a notice of intent to offer evidence pursuant to Rule 902(11) of the Federal Rules of Evidence (Rule 902(11)). Rule 902(11) provides for self-authentication of certain records that are accompanied by a written declaration of a custodian or other qualified person as long as certain conditions are met. Fed. R. Evid. 902(11). The Government should provide such certifications to

Defendants no later than six weeks before the commencement of the trial, if the Government has not already provided such certifications and Defendants should review such certifications and file objections, if any, no later than two weeks before the commencement of trial. As to any certifications that are not provided to Defendants in advance of trial, Defendants can object on a case-by-case basis at trial if they believe that such certifications do not provide sufficient authentication for the records.

### G. Supplemental Rule 404(b) Evidence

On December 22, 2009, the Government filed a supplemental motion seeking to introduce additional Rule 404(b) evidence. The Government contends that White has continued to engage in fraud after indictment and during his release. The Government in fact moved to revoke White's bond and his release conditions were altered to require home detention with electronic monitoring. When considering the four factors for admission of Rule 404(b) evidence, *Diekhoff*, 535 F.3d at 617, such evidence concerning a comparable fraudulent scheme is admissible to show White's identity, knowledge, motive and intent in regard to the charged conduct.

The Government also moves to introduce evidence that Ford accepted bribes to create fraudulent settlement statements for lenders. Defendants argue that such evidence merely shows Ford's conformity with her charged conduct in this case. When considering the four factors for admission of Rule 404(b) evidence, *Diekhoff*, 535 F.3d at 617, such evidence is admissible to show Ford's motive, criminal intent,

and the absence of a mistake on her part. Therefore, we grant the Government's supplemental motion to introduce Rule 404(b) evidence.

III. Santiago Proffer

The Government has submitted a Santiago proffer in this case seeking to admit coconspirator statements against Helton, White, and Ford in accordance with Federal Rule of Evidence 801(d)(2)(E) (Rule 801(d)(2)(E)) and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). Defendants have objected to the Santiago proffer. Pursuant to Rule 801(d)(2)(E), "the statements of a coconspirator are admissible if the trial court determines by a preponderance of the evidence that: (1) a conspiracy existed; (2) defendant and declarant were involved in the conspiracy; and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999). The Seventh Circuit has "sanctioned so-called *Santiago* proffers," which "allow[] the judge to conditionally admit coconspirator statements based on the government's proffer." *Id.* At the close of the Government's case at trial if the Government "has not met its burden to show that the statements are admissible, the defendant can move for a mistrial or to have the statements stricken." *Id.*

Defendants argue that the alleged statements involve two separate and distinct conspiracies. We disagree. The Government has shown that all of the statements describe one, overarching conspiracy. Defendants also contend that there is not sufficient evidence concerning Ford's knowledge of the conspiracy or that Ford

made statements in furtherance of the conspiracy. However, at this juncture, the Government has met its burden establishing such matters by a preponderance of the evidence. The Government has sufficiently shown at this juncture that all the statements it seeks to admit were a part of one collective conspiracy and that all three co-Defendants were members of the conspiracy and made statements in furtherance of the conspiracy. With respect to all of the statements referenced in the Government's Santiago proffer, the Government has met its burden at this juncture and such statements are conditionally admitted.

## CONCLUSION

Based on the foregoing analysis we deny Defendants' general motion to exclude Rule 404(b) evidence. We deny without prejudice Defendants' motion to bar privileged communications. We deny without prejudice Defendants' motions to bar evidence based on relevancy and hearsay objections. We deny Defendants' motion for severance. We also deny Defendants' Rule 16 motion. We grant the Government's motion to exclude evidence of potential penalties faced by Defendants, to exclude certain evidence introduced to elicit jury nullification, and to prohibit defense counsel from requesting discovery from witnesses or opposing counsel or otherwise commenting on discovery matters. We grant the Government's motion to introduce Rule 404(b) and intricately related evidence, except that we deny without prejudice the Government's request to introduce miscellaneous evidence. We deny without prejudice the Government's motion to bar evidence of Defendants'

lawfulness and impeachment evidence challenging Government witnesses. We grant the Government's supplemental motion to introduce Rule 404(b) and intricately related evidence. Finally, we conditionally admit the statements contained in the Government's Santiago proffer.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 21, 2010